

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# Koval v. Director OWCP

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Koval v. Director OWCP" (2005). *2005 Decisions.* Paper 308.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/308

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1133
_____

JULIA A. KOVAL,
Widow of Joseph Koval,

Petitioner

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, United
States Department of Labor,

Respondent
_____

On Petition for Review of an Order of the Benefits Review Board
No. 04-0278 BLA

Submitted Under Third Circuit LAR 34.1(a) October 25, 2005

Before: SLOVITER, FISHER, and ROSENN, Circuit Judges

(Filed: October 31, 2005)

_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

Julia Koval seeks review of a decision of the Benefits Review Board ("Board")

affirming an Administrative Law Judge's ("ALJ") decision to deny her benefits based on

her husband's death on June 9, 2001. Although the Government stipulated that her husband was disabled due to black lung disease, the ALJ determined that the black lung disease was not a contributing cause of death under 20 C.F.R. § 718.205(c)(2). Because these findings are supported by substantial evidence, we deny review.

We review decisions of the Board for errors of law and for whether it has adhered to its scope of Review. *Mancia v. Director, OWCP*, 130 F.3d 579, 584 (3d Cir. 1997). We also review the record and decide whether the ALJ's findings are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*.

Mrs. Koval is entitled to survivor benefits under the Black Lung Benefits Act ("BLBA") only if she can prove that pneumoconiosis was a substantially contributing cause of death or if the disease hastened death. 20 C.F.R. § 718.1 She must prove this by a preponderance of the evidence. *Director, OWCP v. Greenwich Collieries*, 512 U.S. 267, 277-78 (1994).

On appeal, Mrs. Koval asserts that the ALJ erroneously credited one doctor's opinion over another. Alternatively, she also asks this Court to decide that because Mr. Koval was permanently disabled by pneumoconiosis, it must be a cause of his death. We discuss each of her arguments in turn.

## I.

Mrs. Koval asks us to find error in the ALJ's decision to credit Dr. Sherman's

2

opinion over that of Dr. Delehanty. Dr. Delehanty was a physician that had treated Mr.

Koval on three occasions, although he did not see him during the month he spent in the

hospital immediately prior to his death. Dr. Delehanty's opinion, in its entirety, read:

> As you are aware, I have interviewed and examined Joseph Koval in the
> past, in addition to examining and then reviewing both x-rays and data.
>
> It is my opinion that this gentleman's life expectancy was shortened
> through his underlying disease state, namely, his coalworkers'
> pneumoconiosis. I based this on my past examinations, the records of
> which you have in your possession.

Dr. Delehanty testified in his deposition that the pneumoconiosis had contributed to

tuberculosis, which, in turn, suppressed Koval's immune system, which made him

"susceptible to infection and increased debility." The ALJ noted that Dr. Delehanty did

not cite or produce any medical literature to support his opinion that coal worker's

pneumoconiosis was associated with tuberculosis, but simply said he based his opinion on

"prior reading."

Dr. Sherman came to the opposite conclusion. He reviewed all of the evidence in

the record: the death certificate, hospital admission records, the discharge summary, and

the examination notes from Dr. Conliffe. Dr. Sherman noted that there was no record of

any signs of pneumoconiosis, such as shortness of breath, from the time of his admission

to the hospital (for colon cancer) or at any other time until his death a month later.

Especially relevant was that an examination the day before his death found no respiratory

problems. Dr. Sherman concluded that pneumoconiosis did not cause, substantially

3

contribute to, or hasten Mr. Koval's death.

The ALJ accorded much more weight to Dr. Sherman's opinion than to Dr. Delehanty's. He found that Dr. Sherman's opinion was the better reasoned and supported opinion. Dr. Delehanty's opinion wholly depends upon a causal chain that starts with pneumoconiosis and ends with death due to infection or debility. The final link in Dr. Delehanty's reasons is missing because Mr. Koval died of heart disease and colon cancer. There was no evidence that either of these are consistent with an infection or debility caused by a suppressed immune system, or that Mr. Koval suffered from any other type of infection or debility the month before his death. The ALJ's finding that Dr. Sherman's opinion was better reasoned and more consistent with the relevant medical evidence clearly meets the substantial evidence standard.

## II.

Mrs. Koval's other arguments boil down to a restatement of Dr. Delehanty's opinion: "because Mr. Koval had pneumoconiosis, the disease must have contributed to his death in some way." In the abstract, the argument is undoubtably correct. Mr. Koval may have expended some amount of energy (and time and money) to fight the pneumoconiosis, and therefore would have had more energy to battle his heart disease and colon cancer in its absence. Unfortunately, the "butterfly effect" is not enough under the law.

Congress and our case law require that pneumoconiosis *substantially* contribute to

4

or *hasten* death. Congress provided separate benefits for pneumoconiosis as a disabling condition and a condition that contributes to death. 30 U.S.C. § 922(a)(1) (disability benefits); § 922(a)(2) (survivor's death benefits); *Mancia*, 130 F.3d at 585 n.6 (survivor must establish pneumoconiosis as a cause of death without relying on miner's eligibility for disability benefits); *Pothering v. Parkson Coal Co*., 861 F.2d 1321, 1327 (3d Cir. 1988) (1981 amendments to BLBA eliminated presumption that pneumoconiosis caused death of totally disabled miner). All Mrs. Koval can point to is that her husband had pneumoconiosis; there is no evidence connecting that fact with his death. Mrs. Koval has not met her burden of proof.

### III.

For the reasons given above, we will deny review of the decision of the Board.